**BIGHORN FOREST USERS COALITION, INC., Robert Damson, American Wildlands, Inc., and Wyoming Outdoor Council, Plaintiff,**

v.

**Tom L. THOMPSON, in his official capacity as Deputy Regional Forester, Resources, and Appeal Deciding Officer in the Rocky Mountain Region of the Forest Service, and Lyle Laverty, in his official capacity as Regional Forester of the Rocky Mountain Region of the Forest Service, and the United States Forest Service, Defendants.**

No. CIV.A. 00–AP–1587.

United States District Court, D. Colorado.

Oct. 31, 2001.

John M. Barth, Attorney at Law, Hygiene, CO, Robert Ukeiley, PC, Atlanta, GA, for plaintiffs.

Albert C. Lin, Lisa A. Holden, Barclay T. Samford, U.S. Department of Justice, Environment & Natural Resources Division, Washington, DC, William G. Pharo, United States Attorney's Office, Denver, CO, Wells D. Burgess, Washington, DC, for defendants.

## ORDER DENYING MOTION TO DISMISS

KANE, Senior District Judge.

■ This matter is before me on Defendants' motion to dismiss. Plaintiffs Bighorn Forest Users Coalition, Robert Damson, the American Wildlands, Inc. and Wyoming Outdoor Council allege the United States Forest Service violated the National Forest Management Act ("NFMA"), 16 U.S.C. §§ 1600 *et seq.*, and its implementing regulations by failing to promulgate a valid Allowable Sale Quantity ("ASQ") for timber sales in the Bighorn National Forest ("Forest") and by approving the Sourdough Timber Sale without assuring that it complies with a valid ASQ and without gathering and considering data on Management Indicator Species population trends within the proposed Sale area. One week after Plaintiffs filed this action, Defendant Forest Service withdrew its approval of the Sourdough Timber Sale. As a result, Defendants assert this action is moot and should be dismissed for lack of jurisdiction.

■ "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite

to federal court jurisdiction." *McClendon v. City of Albuquerque,* 100 F.3d 863, 867 (10th Cir.1996). "To qualify as a case fit for federal court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona,* 520 U.S. 43, 67, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) (internal quotations omitted).

██ However, "[i]t is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice. If it did, the courts would be compelled to leave the defendant free to return to his old ways." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 189, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) (internal quotations omitted). Consistent with these principles, the Supreme Court has stated a defendant's voluntary conduct will not moot a case unless "it is absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* at 190, 120 S.Ct. 693. The party asserting mootness bears "the heavy burden of persuading the court" that this "stringent standard" has been met. *Id.* at 189, 120 S.Ct. 693.

Defendants have not carried that burden in this case. Even if the Forest Service's withdrawal of approval of the Sourdough Timber Sale addressed all of the controversies in this action,[1] it would not moot this case because there has been no showing that Defendants' allegedly wrongful conduct could not reasonably be expected to recur. The only evidence the Forest Service presented on this issue was a declaration by the current Regional Forester that he "may or may not reissue a decision" on the Sourdough Timber Sale and that he has "no present schedule for issuing a new decision." Decl. of William T. Bass, ¶¶ 1, 2. While the Regional Forester reports he will remedy unspecified "omissions" in the administrative record before issuing a new decision, *see id.* ¶ 1, he at no point states that the omissions to be remedied include those alleged by Plaintiffs in this action, *i.e.,* the failure to assure the Sale complies with a valid ASQ for the Forest and the failure to monitor the population trends of Management Indicator Species in the Sale area. Accordingly, just as in *City of Mesquite v. Aladdin's Castle, Inc.,* 455 U.S. 283, 102 S.Ct. 1070, 71 L.Ed.2d 152 (1982), the Forest Service's withdrawal of its Sourdough Timber Sale decision does not preclude it from reissuing a decision with the exact same alleged failings once this action is dismissed. *See id.* at 289, 102 S.Ct. 1070 (city's repeal of challenged ordinance did not moot action because city not precluded from reenacting it). Under these circumstances, this action is not moot. *See id.; Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. at 189, 120 S.Ct. 693.

Defendants' Motion to Dismiss for Lack of Jurisdiction is DENIED.

---

1. On its face, this voluntary action does not resolve Plaintiffs' claim that Defendants violated NFMA by failing to promulgate a valid ASQ for the Bighorn National Forest or its related request that Defendants be enjoined from permitting or allowing any timber sale activity in the Forest until a valid ASQ has been established.